UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SANCHEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAN SCULLY,<br><br>　　　　Defendant. | No.  2:12-cv-02320 JAM DAD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. In Forma Pauperis Application**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

**III. Plaintiff's Complaint**

Plaintiff has styled his complaint as a "Complaint For Preliminary Injunction." (ECF No. 1 at 4.) Therein, plaintiff seeks to enjoin defendant Jan Scully, the Sacramento County District Attorney, her agents, employees or successor, from "dennying [sic] and/or prohibiting plaintiff from access to evidence for DNA testing[.]" (Id.) Plaintiff alleges that he was convicted of first degree murder and asserts that the evidence he seeks was never previously tested and is in the custody and control of defendant. (Id. at 5-6.)

On June 17, 2009, the Sacramento County Superior Court granted plaintiff's request for the appointment of counsel to prepare and file, if appropriate, a motion seeking DNA testing in his case pursuant to California Penal Code § 1405. (Id. at 10-12.) On January 12, 2011, in response to plaintiff's complaint to that court concerning his counsel's failure to file a motion, the Superior Court noted that Penal Code § 1405 did not require appointed counsel to file a motion seeking DNA testing. (Id. at 19.) In addition, that court held that the overwhelming evidence implicated plaintiff/petitioner Sanchez in the murder and demonstrated that he was "amply viewed by eyewitnesses well before the shooting and that two eyewitnesses of the shooting itself unequivocally identified petitioner as the shooter." (Id.) The Superior Court concluded that since it was unclear that any biological evidence was collected from the shooter at the place of the shooting, "it could well be that [counsel] Mr. Blasier has already determined that bringing a postconviction DNA testing motion would be fruitless." (Id.) Lastly, the Superior Court noted that the appointment of any replacement counsel would be delayed since in the California Legislature's 2010-2011 budget, the county's obligation to pay for appointed counsel to file motions seeking DNA testing had been suspended. (Id. at 19-20.)

Plaintiff asserts that he has a constitutional right to have DNA testing conducted. He argues that California Penal Code § 1405 is unconstitutionally vague both concerning whether appointed counsel must file a motion seeking DNA testing and with respect to the allocation of funds for substitute counsel to file such a motion. (Id. at 6-7.) Plaintiff contends that in his case, the DNA testing "would reasonably be more discriminating and probative of the identity of the real perpetrator of the crime[.]" (Id. at 5.) Plaintiff seeks a declaration of his rights from this

3

1    court and an injunction prohibiting defendant from denying plaintiff access to evidence for DNA

2    testing. (Id. at 7-8.)

3    **IV.  Failure to State a Cognizable Claim**

4          Plaintiff's assertion that he has a constitutional right to access the evidence from his state

5    criminal case for DNA testing fails to state a cognizable § 1983 claim.  The Supreme Court has

6    held that there is no freestanding substantive due process right to obtain DNA testing.  District

7    Attorney's Office for Third Judicial Dist. v. Osborne, 577 U.S. 52, 72 (2009) ("Osborne seeks

8    access to state evidence so that he can apply new DNA-testing technology that might prove him

9    innocent.  There is no history of such a right, and the mere novelty of such a claim is reason

10   enough to doubt that substantive due process sustains it.") (internal quotation marks omitted); see

11   also Morrison v. Peterson, No. C 11-1896 LHK (PR), 2013 WL 942723, at *3-5 (N.D. Cal.

12   March 11, 2013) (concluding that the decision in Osborne has foreclosed a substantive due

13   process claim as a vehicle by which to obtain access to evidence for DNA testing) (and cases

14   cited therein).

15         Plaintiff's claim that California Penal Code § 1405 is unconstitutionally vague is also not

16   cognizable.  Penal Code § 1405(b)(3)(A) provides:

17
18   > Upon a finding that the person is indigent, he or she has included the information required in paragraph (1), and counsel has not previously been appointed pursuant to this subdivision, the court
19   > shall appoint counsel to investigate and, **if appropriate**, to file a motion for DNA testing under this section and to represent the
20   > person solely for the purpose of obtaining DNA testing under this section. (Emphasis added.)

21   In response to plaintiff's request for appointment of new counsel, the Sacramento County

22   Superior Court held that Penal Code § 1405 does not require appointed counsel to file a motion

23   for DNA testing unless such a motion is appropriate.  Here, plaintiff attempts to argue that the

24   § 1405 is vague because appointed counsel should be required to file a motion for DNA testing in

25   all cases.  However, the language of the statute is not vague merely because the statute does not

26   require what plaintiff would like it to provide.

27         Lastly, to the extent plaintiff through this action is asking this federal court to review the

28   state court's decision and afford him the same remedy he was denied in state court, application of

the Rooker–Feldman doctrine results in the conclusion that this court lacks subject-matter jurisdiction over his claim.[1]  See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also Cooper v. Ramos, 704 F.3d 772, (9th Cir. 2012) ("The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal."); Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir. 2010) ("Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions."); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir.2003) ("If claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.") (internal quotation marks omitted); Martinez v. District Attorney of San Joaquin County, No. CIV S-11-1445 DAD P, 2012 WL 1574818 at *3 (E.D. Cal. May 3, 2012) (concluding that plaintiff was not challenging the constitutionality of California Penal Code § 1405, that plaintiff was challenging the state court's ruling denying his requests for DNA testing, and that such a challenge is precluded in a federal civil rights action).

Here, it is clear that plaintiff's action is precluded under the Rooker–Feldman doctrine to the extent he challenges the state court's determination and seeks the same remedy from this federal court that was denied by the state court's ruling.

**V. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 12, 2012 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee.  All fees shall be collected and paid in accordance with this

/////

---

[1] The Rooker–Feldman doctrine does not bar a § 1983 action challenging the constitutionality of a state's post-conviction DNA testing statute.  Skinner v. Switzer, ___U.S.___, ___, 131 S. Ct. 1289, 1298 (2011).

5

1 court's order to the Director of the California Department of Corrections and Rehabilitation filed
2 concurrently herewith.
3         Also, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state
4 a cognizable claim and for lack of subject matter jurisdiction.
5         These findings and recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7 after being served with these findings and recommendations, plaintiff may file written objections
8 with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
10 failure to file objections within the specified time may waive the right to appeal the District
11 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 Dated: August 30, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

16 DAD:4
sanc2320.fsc